# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENICE (BALES) TAYLOR, Surviving Spouse and Personal Representative of the Estate of Thomas Loyd Bales, Deceased,<br><br>                **Plaintiff,**<br><br>    v.<br><br>**TRADESMEN INTERNATIONAL, LLC, and WANZEK CONSTRUCTION, INC.,**<br><br>                **Defendants.** | **CASE NO. 8:17CV213**<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION IN LIMINE** |

This matter is before the Court on the Plaintiff's Motion in Limine, ECF No. 40. Relying on the language of Neb. Rev. Stat. § 60-6,102 and § 60-6,105, the Plaintiff asks the Court to preclude the Defendants from making any reference to, or presenting any facts or evidence whatsoever pertaining to, any presence of alcohol or drugs in the body of the Decedent, Thomas Loyd Bales (Decedent). For the reasons discussed below, the Motion will be granted, in part.

## BACKGROUND

On May 27, 2015, Decedent was employed by Defendant Tradesmen International, LLC (Tradesmen), while engaged in a construction project on behalf of Defendant Wanzek Construction, Inc. (Wanzek). As Decedent drove a crane on a roadway in Antelope County, Nebraska, the crane went onto the shoulder of the road, overturned, and crushed him to death.

The Antelope County Attorney, who also serves as statutory coroner for Antelope County, ordered an autopsy and caused the Decedent's body to be tested for the presence of alcohol or drugs. The tests revealed a blood alcohol content of .159, and

the presence of Hydrocodone at 8 ng/ml. Plaintiff performed independent post-mortem toxicology screens, revealing a blood ethanol content of .162, a vitreous humor ethanol content of .221, and the presence of Hydrocodone at 7.1 ng/ml.

Plaintiff argues that the Defendants should be precluded from offering any evidence of, or making any reference whatsoever to, the results of any post-mortem alcohol or drug tests.

## DISCUSSION

In support of her position, Plaintiff cites Neb. Rev. Stat. § 60-6,102 and § 60-6,105. Section 60-6,102 provides: "In the case of a driver who dies within four hours after being in a motor vehicle accident, . . . the coroner . . . shall examine the body and cause such tests to be made as are necessary to determine the amount of alcohol or drugs in the body of such driver[.]" Section 60-6,105 provides: "No report and no statement contained in a report submitted pursuant to sections 60-6,101 to 60-6,104 or any part thereof shall be made available for any purpose in any trial arising out of the accident involved unless necessary solely to prove compliance with such sections."

Plaintiff notes that the Nebraska Workers' Compensation Court precluded Tradesmen from offering any evidence of such toxicology results, relying on the language of § 60-6,105. See Pl.'s Br., ECF No. 40-1, Page ID 123, 127, citing *Denise Taylor v. Tradesmen Int'l, LLC*, Docket 216, No. 0843, Order on Plaintiff's Motion in Limine (Neb. Work. Comp. Ct. May 5, 2017). The Worker's Compensation Court reasoned that the toxicology results were inadmissible so long as the information was obtained pursuant to § 60-6,102. Pl.'s Br., ECF No. 40-1, Page ID 129. In response to Tradesmen's argument that the results should be admissible pursuant to other statutory

2

duties of the county attorney, the Worker's Compensation Court stated that the county attorney should have collected a second blood sample if a test was conducted for a secondary purpose. *Id.* at Page ID 130.

Plaintiff also refers the Court to *State v. Jacobitz*, an unpublished decision of the Nebraska Court of Appeals,[1] in which that court held the results of a blood test conducted pursuant to § 60-6,102 could not be used in a criminal prosecution, and the results of a second test of the blood sample were barred by the Fourth Amendment. No. A-06-824, 2007 WL 591312, at *5-8 (Neb. Ct. App. Feb. 27, 2007).

The Defendants refer the Court to *Blackledge v. Eby*, 542 F.2d 474 (8th Cir. 1976), in which the Court of Appeals held that statutory language similar to §§ 60-6,102 and 60-6,105 did not bar the admission of evidence of a deceased driver's blood alcohol content where the coroner compiled the information in the course of an autopsy and not to comply with the statutes. The Court of Appeals said:

> Those statutes do not declare all evidence as to a deceased driver's blood alcohol content to be inadmissible in a judicial proceeding. Rather, they merely provide that when a motor vehicle accident results in death, the coroner shall submit a report to the Department of Motor Vehicles; that when the driver is killed, the coroner shall examine the body for the presence of alcohol or drugs and include his finding thereon in his report; and that no part of the report may be used in ensuing court proceedings.
> . . . .
> The analysis of Blackledge's blood alcohol content was made in the ordinary course of an autopsy ordered by the Acting Coroner of Douglas county and not for purposes of any report to be submitted to the Department of Motor Vehicles.
> . . . .
> [W]e hold that the evidence here in question did not represent information compiled in accordance with the statutory scheme relied on by appellant and that it was, therefore, not rendered inadmissible by those provisions.

---

[1] *See* Neb. Ct. R. § 2-102(E)(4) (Unpublished "opinions of the Court of Appeals may be cited only when such case is related, by identity between the parties or the causes of action, to the case then before the court.").

542 F.2d at 476.

The Defendants concede that they may not present in evidence the report of the Decedent's blood toxicology prepared pursuant to § 60-6,102, nor any statements contained in the report. They argue, however, that they should not be precluded from presenting the Decedent's death certificate prepared pursuant to Neb. Rev. Stat. § 71-605, or toxicology reports prepared in connection with an autopsy by the coroner's physician pursuant to Neb. Rev. Stat. § 23-1820, or toxicology reports obtained through the Plaintiff's own initiative.

The Plaintiff objects to the presentation of any such evidence, or the pursuit of discovery regarding such evidence. Plaintiff argues that all such evidence was derived from a single blood sample drawn to satisfy the requirement of § 60-6,102, and the presentation of any such evidence would violate § 60-1,105 by revealing the content of the report prepared pursuant to § 60-1,105.

This Court is not persuaded that the admissibility of the evidence of the Decedent's toxicology results should turn on the question of whether a single blood sample was drawn. It is reasonable to infer that a single sample of body fluid may be obtained for more than one lawful purpose. Instead, the admissibility of the evidence should be determined after the parties have had an opportunity to conduct discovery to determine whether testing of the Decedent's body fluids was performed, and results obtained, pursuant to authority independent of § 60-6,102.

## CONCLUSION

The Plaintiff's Motion will be granted in part. The Defendants will be precluded from presenting into evidence, or making any reference to, the Report of Alcohol and

Drug Analysis for Nebraska Traffic Crashes, dated December 29, 2015, ECF No. 40, Page ID 119, or any statements contained in that report. The Plaintiff's Motion will otherwise be denied, without prejudice to reassertion of objections at trial. The Defendants will be permitted to proceed with discovery to determine if there is proper and sufficient foundation for Decedent's toxicology results, independent of the test performed and report issued pursuant to § 60-6,102.

IT IS ORDERED:

The Plaintiff's Motion in Limine, ECF No. 40, is granted, in part, as follows:

> The Defendants are precluded from presenting into evidence, or making any reference to, the Report of Alcohol and Drug Analysis for Nebraska Traffic Crashes, dated December 29, 2015, regarding Decedent Thomas Bales, prepared pursuant to Neb. Rev. Stat. § 60-6,102, or any statements contained in that report;

And the Motion is otherwise denied, without prejudice to reassertion of objections at trial.

Dated this 8th day of February, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge